RECEIVED
OCT 1 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **EARLIS GREEN** | * | **CIVIL ACTION NO. 04-1594** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## RULING

Pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act, 28 filed by social security claimant, Earlis Green ("Green"), on September 21, 2005. (rec. doc. 12). No opposition has been filed, and the deadline for filing opposition has expired.[1]

Green filed a complaint with this Court on August 3, 2004, seeking review of the denial of his application for social security benefits. On May 27, 2005, the undersigned issued a Report and Recommendation recommending that this case be reversed and remanded. (rec. doc. 10). By Judgment entered on June 17, 2005, Judge Tucker L. Melançon reversed and remanded this matter for further administrative proceedings. (rec. doc. 11). On September 21, 2005, claimant's attorney, Peter J. Lemoine, filed the instant motion for attorney's fees.

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days of service of the motion.

28 U.S.C. § 2412(d)(1)(B) provides, in pertinent part, as follows:

A party seeking an award of fees and other expenses shall, **within thirty days of final judgment in the action,** submit **to the court** an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . .

(emphasis added).

The EAJA requires that a party seeking an award of attorneys fees file an application for fees within 30 days of the final judgment in the action. "Final judgment" under the EAJA is defined as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). A judgment becomes "not appealable" 30 days after the time for appeal has ended. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). In suits to which a federal officer is a party, the time for appeal does not end until 60 days after entry of judgment. *Id.*; Rule 4(a) of the Federal Rules of Appellate Procedure.

The deadline for filing a fee application under the EAJA is a jurisdictional prerequisite. *Briseno v. Ashcroft*, 291 F.3d 377 (5th Cir. 2000); *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1206 (5th Cir. 1991). Since the EAJA is a waiver of the government's sovereign immunity, it must be strictly construed, and the filing deadline is to be strictly enforced. *Briseno, supra*; *Carter v. Bowen*, 733 F.Supp.

1084 (S.D. Miss. 1990).

Here, the Judgment was entered on June 17, 2005. (rec. doc. 11). As the application was filed on September 21, 2005, which was six days after the Judgment was final (September 15, 2005), the motion for attorney's fees is **DENIED** as untimely.

Signed this __18__ day of October, 2005, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE